UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10 CR 109 |
| | ) | |
| BRANDON CLAY | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Brandon Clay's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 1545.) For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In January 2013, following his guilty plea, Clay was sentenced to a 360-month term of imprisonment, and a five-year term of supervised release, for conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d). (DE # 732.) Clay is currently incarcerated at FCI Otisville, in Otisville, New York. Clay is 34 years old and has a projected release date of March 14, 2036. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr. 28, 2021).

Clay has filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 1545.) Clay argues in his motion that he suffers from obesity, hypertension, an enlarged heart, abnormal EKGs, hyperlipidemia, unspecified immuno-deficiency issues, and leukopenia. Clay argues that his medical conditions, as well as the conditions of his incarceration, place him at an increased risk of contracting, and falling seriously ill from, COVID-19. (*Id.* at 1, 7.) He argues that this risk constitutes

an extraordinary and compelling reason justifying his early release from prison.

Pursuant to this court's General Order 2020-11, the undersigned referred Clay's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Clay may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 1548.) The FCD filed a status report stating that, after reviewing the defendant's motion, the FCD determined that it will be unable to assist Clay. (DE # 1549.) The Government opposes Clay's motion (DE # 1550), and Clay has filed a reply. (DE # 1558.) This matter is fully briefed and is ripe for ruling.

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.  Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau

of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On July 31, 2020, Clay submitted a request for compassionate release based on his medical conditions and the COVID-19 pandemic to the warden of his facility. (DE # 1545-1 at 1.) His request was denied more than 30 days later, on October 13, 2020. (*Id.*) Accordingly, the court finds that defendant satisfied § 3582(c)(1)(A)'s exhaustion requirement.

    **2.**    **Extraordinary and Compelling Reasons**

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Clay argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity may increase a person's risk for severe illness from COVID-19, and that the risk of severe COVID-19 illness increases sharply with elevated BMI. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 29, 2021). The CDC also states that having hypertension, as well as certain other

heart conditions, may make a person more likely to become severely ill from COVID-19. *Id.*

While his medical conditions may place him at an increased risk of severe illness were he to contract COVID-19, Clay's risk of contracting the virus appears very low. Clay received his second dose of the Moderna vaccine on February 25, 2021, (DE # 1551-5 at 13) – meaning that he was fully vaccinated at the time he filed his motion for compassionate release. Clay failed to note this fact in his motion. In fact, a majority of the inmates at Clay's prison are now fully vaccinated. According to the BOP, 113 staff members and 347 inmates (out of 584 inmates) at Clay's prison are fully vaccinated. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 29, 2021). Moreover, the BOP appears to have controlled the spread of the virus at Clay's prison. There are currently only four inmate cases, and three staff cases, of COVID-19 at Clay's prison. *Id.* Given these factors, Clay's risk infection appears remote.

Under these circumstances, Clay has not established an extraordinary and compelling reason warranting compassionate release. Compassionate release is an extraordinary event, *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020), and the circumstances in this case simply do not meet this high bar. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No.

5

12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, defendant's motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 1545). The court **DENIES as moot** defendant's "Motion for Order Directing the Government to Serve Any Response upon Defendant by Mail and Request for Opportunity to Reply to Any Government Response." (DE # 1546.)

                              **SO ORDERED.**

Date: May 4, 2021

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT